# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

SEBASTIAN OCELOTL-ACA,     )
               )
     Petitioner    )
               )
  v.         )   Case No. 6:26-cv-03268-MBB
               )
MARKWAYNE MULLIN, et al.,   )
               )
     Respondents.  )

## <u>ORDER</u>

Sebastian Ocelotl-Aca presents a Verified Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (**Doc. 1**, p. 1). Petitioner seeks his immediate release from immigration-related detention at the Greene County Jail. (*Id.* at p. 25). He argues his detention violates procedural due process and is unauthorized under 8 U.S.C. § 1226. (*Id.* at pp. 22-23). The Court DENIES the petition.

### Background

Petitioner, a citizen of Mexico, illegally entered the United States on an unknown date in 2003. (*Id.* at pp. 1, 4). On February 19, 2026, he was arrested by the State of Indiana for DUI. (*Id.* at p. 4). On February 20, 2026, he was transferred to ICE custody for his administrative arrest under I-200, Warrant for Arrest of Alien. (**Doc. 1**, p. 4; **Doc. 1-4**, p. 1). Indiana announced its intention not to file criminal charges for the DUI arrest. (**Doc. 1-3**, p. 1). DHS commenced removal proceedings against Petitioner under U.S.C. § 1229a. (**Doc. 1**, p. 5). The Notice to Appear charged Petitioner as "an alien present in the United States who has not been admitted or paroled." (**Doc. 1-5**, p. 1). Petitioner subsequently filed an asylum application and withholding of removal. (**Doc. 1**, pp. 2, 5). On February 22, 2026, ICE re-located Petitioner from Indiana to the Greene

County Jail in Springfield, Missouri. (*Id.* at p. 5). He remains detained pending the removal proceedings. (*Id.*).

On May 7, 2026, Petitioner filed a Verified Petition for a Writ of Habeas Corpus seeking his immediate release without conditions. (*Id.* at p. 18). In the alternative, Petitioner asks this Court to hold a bond hearing, requiring DHS to prove his immigration-related detention is necessary. (*Id.* at p. 22). Petitioner argues his detention violates procedural due process. (*Id.* at pp. 22-23). He cites to the three-factor balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976). (*Id.* at pp. 7-13). Petitioner emphasizes his twenty-three years of residence in the United States without a criminal conviction. (*Id.* at pp. 9-10). He also claims his detention without bond violates 8 U.S.C. § 1226(a). (*Id.* at pp. 23-24). He seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202. (*Id.* at p. 24).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

**I. 8 U.S.C. § 1225(b)(2)(A) authorizes Petitioner's immigration-related detention.**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. If an alien is an "applicant for admission," he is also "seeking admission." *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under [§ 1225(b)(2)(A)]"). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Id.* at 1133. *See Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021) ("Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other").

While Petitioner claims to have been physically present in the United States for twenty-three years, he never claims to have been lawfully admitted. He did not actively seek lawful entry. (**Doc. 1**, pp. 4-5). Yet, without lawful admission, he remains an "applicant for admission," "seeking admission" under § 1225(b)(2)(A). *See Avila*, 170 F.4th at 1133. *See also Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) ("Even once inside the United States, aliens do not have an absolute right to remain here."). The Court need not address Petitioner's argument that his detention without bond violates § 1226 because his detention is authorized under § 1225(b)(2)(A). *See id.* at 1138.

**II.      Respondents do not violate procedural due process because Petitioner is detained pending removal proceedings.**

"In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." ***Demore v. Kim***, 538 U.S. 510, 521 (2003). In *Demore*, the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. In *Baynee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit held "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *See* ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527. The Eighth Circuit rejected the application of the *Mathews v. Eldridge* "multi-factor 'reasonableness' test" to a detained alien under 8 U.S.C. § 1226(c). *See* ***id.*** The Eighth Circuit reasoned that the Supreme Court "ha[s] already done whatever balancing is necessary." ***Id.*** "[D]etention does not violate due process when 'deportation is still on the table' because 'what matters is that detention pending deportation has a definite termination point.'" ***Romero v. Brown***, 2026 WL 1021455, at *5 (S.D. Iowa Apr. 15, 2026), *quoting* ***Baynee***, 115 F.4th at 932-33 (cleaned up).

Here, Petitioner is detained under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) requires detention pending removal proceedings. So long as removal proceedings are pending, procedural due process is satisfied. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). Procedural due process is also satisfied by simple reference to the legislative scheme. *See* ***Baynee***, 115 F.4th at 932 (noting the Supreme Court has upheld detention without bond pending removal "simply by reference to the legislative scheme"). *See also* ***Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that

an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").

## Conclusion

The Court DENIES all relief sought by Petitioner in his Verified Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2026.